UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WAYNE BURSEY, TRUSTEE<br>of the CHARTER OAK TRUST WELFARE<br>BENEFIT PLAN,<br>    Plaintiff, | : | CIVIL ACTION NO: |
| VS. | : | |
| THE LINCOLN NATIONAL LIFE<br>INSURANCE COMPANY,<br>    Defendant. | : | MAY 5, 2009 |

## COMPLAINT

### INTRODUCTION:

The plaintiff, Wayne Bursey, Named Trustee of the Charter Oak Trust Welfare Benefit Plan (hereinafter referred to as "the Trust" or "the Plan"), brings this action in his capacity as Trustee of the Trust, seeking to recover $30,000,000.00 in life insurance proceeds due and owing the Plan under two life insurance policies that were issued by the defendant, The Lincoln National Life Insurance Company (hereinafter referred to as "Lincoln National"), which named the plaintiff as the sole owner and beneficiary. The plaintiff also seeks to recover interest on those life insurance proceeds running from June 10, 2008, the date of death of the insured. Finally, the plaintiff requests an award of additional interest under Connecticut General Statutes § 37-3a for the defendant's wrongful detention of the monies due and owing under the policies, plus attorney's fees and costs as the Court deems appropriate.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

## JURISDICTIONAL ALLEGATIONS:

1. The Trust is a Connecticut nonstatutory trust with a principal place of business located at 100 Grist Mill Road, Simsbury, Connecticut. Wayne Bursey, Trustee of the Trust, is an individual residing in the State of Connecticut. Pursuant to the provisions of the Trust, the plaintiff is authorized to commence suit on behalf of the Trust.

2. The Trust is a multiple employer trust, established and administered under the laws of the State of Connecticut, which provides death benefits to certain Covered Employees while they are actively at work and their employer is currently participating in the Trust.

3. The defendant, Lincoln National, is an insurance company incorporated in the State of Indiana with a principal place of business at 1300 South Clinton Street, Fort Wayne, Indiana. Lincoln National is licensed and authorized to transact business in the State of Connecticut

4. This is an action alleging breach of contract, breach of the implied covenant of good faith and fair dealing and violation of Connecticut's Unfair Trade Practices Act, and it is brought pursuant to 28 U.S.C. §§ 1332. The amount in controversy, exclusive of interests and costs, exceeds $75,000.00.

5. Venue in this district is proper under 28 U.S.C. § 1391 (a) because a substantial part of the events giving rise to this action occurred in this district.

2

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

## FIRST CLAIM FOR RELIEF -- BREACH OF CONTRACT

6. In December 2006 and March 2007, Holding Capital Group, Inc., as Employer (hereinafter referred to as "Holding Capital"), executed Adoption Agreements and other agreements pursuant to which it agreed to adopt, join and participate in the Plan. In executing these agreements, Holding Capital named its CEO and Founder, Sash A. Spencer, as a participant in the Plan.

7. Pursuant to the provisions of the Plan and the related agreements, the amount of the death benefits to be provided by the policies was $30 million, $20 million of which was funded by Lincoln National Policy # 7320809 and $10 million of which was funded by Lincoln National Policy # 7305475, less various fees and other amounts retained by the Plan and related entities.

8. On May 9, 2008, Mr. Spencer executed two (2) Election of Participation & Beneficiary Designation Forms pursuant to which he named his private charitable foundation, Universitas Education, LLC (hereinafter referred to as "Universitas"), as beneficiary under the Plan. Upon information and belief, Universitas was established to provide scholarships for deserving inner-city students to attend college.

9. At all pertinent times, the Plan was authorized, under Section 5.04 of the Plan, to invest its funds in insurance contracts on the lives of Covered Employees. The Plan provided further that an Insured would have no rights in the policy or the proceeds of the policy, that all such insurance policies would be owned by the Plan and controlled

3

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

solely by the Plan Sponsor and that the Plan shall be designated as the beneficiary of the policies with respect to any proceeds payable on account of death.

10. The Lincoln National policies bearing policy numbers 7320809 and 7305475 (hereinafter referred to as "the Policies") were applied for in December 2006 and, in consideration of the premiums specified in the Policies, were issued in December 2006, with the Trust as policy owner and beneficiary and Sash A. Spencer as the insured.

11. Sash A. Spencer died on June 10, 2008. From the date of the Policies' issuance through June 2008, the Plan paid all premiums due and owing on both Policies.

12. In pertinent part, the Policies provide that Lincoln National "agrees to pay the Death Benefit to the Beneficiary upon receipt of due proof of the Insured's death during the continuance of the [Policies]."

13. In June 2008, the plaintiff filed with Lincoln National a death claim, including due proof of death, to collect the $30 million of policy proceeds payable under the Policies. The claim was assigned claim number 587487.

14. In June 2008, in order to recover the policy proceeds due and owing the Plan under Policies, the plaintiff submitted to Lincoln National the "Claimant's Statement" form and the "Distinctive Payee Arrangements" form requesting that the insurance proceeds due under the Policies be paid to the plaintiff as beneficiary.

15. Thereafter, on no less than eight (8) separate occasions, representatives of the Plan wrote and spoke to Lincoln National and requested that the death claim be

4

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

processed and paid. Lincoln National failed to respond in any meaningful fashion to several of the Plan's requests, choosing instead to advise the Plan that "[o]ur routine investigation continues and we regret that we are unable to make payment on this claim at this time. We hope that more information will be available in the near future, enabling us to process your claim. In the meantime, your patience and understanding are appreciated." The first of the six (6) Lincoln National letters containing this quoted language is dated August 21, 2008. The most recent letter containing the identical language is dated March 30, 2009.

16. On April 22, 2009, the plaintiff wrote to Lincoln National and advised that he had a fiduciary duty under the Plan to bring an action against Lincoln National in the event the policy proceeds, together with 6 % interest from the date of Mr. Spencer's death, were not paid to the Plan by April 30, 2009.

17. By letter dated April 24, 2009, over ten months after Mr. Spencer's death, Lincoln National's Vice President-Claims/Chief Claims Officer, advised the plaintiff that "[i]n order to further process this claim, we require additional information pertaining to the above-referenced policies . . ." The letter continued, requesting the plaintiff to provide additional information consisting of eight (8) categories of documents.

18. Under cover letter dated April 27, 2009, the plaintiff forwarded to Lincoln National the information requested in Lincoln National's April 24, 2009 letter. In that same letter, the plaintiff reiterated his demand, on behalf of the Plan, for payment of the policy proceeds with 6% interest from the date of Mr. Spencer's death, by April 30, 2009.

5

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

19. To date, the defendant has refused to pay to the plaintiff, the sole beneficiary under the Policies, either the policy proceeds or the interest on those policy proceeds. The defendant has refused to make any payments to the plaintiff notwithstanding that the Plan provides expressly, in Section 6.04, that "[t]he Insurer shall be fully discharged from any and all liability for any amount paid to the Trustee or paid in accordance with the direction of the Plan Sponsor or the Trustee, and any charge made or action taken by the Insurer upon written direction of the Plan Sponsor or the Trustee shall fully discharge the Insurer from all liability with respect thereto."

20. At all times relevant hereto, the plaintiff, as owner and beneficiary under the Policies, has satisfied all conditions precedent stated in the Policies.

21. The refusal of Lincoln National to pay to the plaintiff, as Trustee for the Plan and as beneficiary under the Policies, the policy proceeds in the amount of $30 million, as well as interest on those proceeds running from June 10, 2008, constitutes a breach of Lincoln National's contractual obligations under the Policies.

22. As a result of Lincoln National's breach of contract, the plaintiff has sustained substantial losses and damages.

## SECOND CLAIM FOR RELIEF – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

23. The allegations contained in Paragraphs 1 through 22 above, are hereby incorporated and made paragraphs 1 through 22 of the plaintiff's Second Claim for Relief.

24. The Policies of insurance issued by Lincoln National contained within them covenants of good faith and fair dealing.

6

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

25. In refusing to pay to the plaintiff, the sole beneficiary under the Policies, the policy proceeds and the interest on those policy proceeds running from the date of Mr. Spencer's death, Lincoln National has breached the implied covenant of good faith and fair dealing in the Policies. Lincoln National has breached the covenant of good faith and fair dealing in the following respects: a) it has compelled the plaintiff to institute litigation to recover amounts due to it under the policies; b) it has failed to promptly provide to the plaintiff a reasonable explanation of the basis of its delay in investigating and paying the plaintiff's claim; and c) it has failed to affirm coverage of the claim within a reasonable time after submission of the "Claimant's Statement" form, the "Distinctive Payee Arrangements" form and due proof of death.

26. By the actions of Lincoln National and its representatives in compelling the plaintiff to institute litigation to recover amounts due to it under the Policies, in failing to promptly provide to the plaintiff a reasonable explanation of the basis of its delay in investigating and paying the plaintiff's claim and in failing to affirm coverage of the claim within a reasonable time after submission of the "Claimant's Statement" form, the "Distinctive Payee Arrangements" form and due proof of death, the defendant has acted in bad faith and it has injured the plaintiff's right to receive benefits that it reasonably expected to receive under the policies.

27. As a result of the defendant's breach of the covenant of good faith and fair dealing, the plaintiff has suffered substantial loss and damage.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

## THIRD CLAIM FOR RELIEF – CUTPA/CUIPA

28. The allegations contained in Paragraphs 1 through 27 above, are hereby incorporated and made paragraphs 1 through 27 of the plaintiff's Third Claim for Relief.

29. Upon information and belief, Lincoln National has engaged in unfair and deceptive practices in the conduct of its business, both with regard to its handling of the claim submitted to it by the plaintiff, as well as in its handling of life insurance claims presented to Lincoln National by beneficiaries other than the plaintiff.

30. Lincoln National's actions as described above were taken in violation of the Connecticut Unfair Insurance Practices Act, C.G.S. §§ 38a-815, et seq., in one or more of the following ways, in that Lincoln National committed unfair claims settlement practices with such frequency as to indicate a general business practice, including:

(1) Misrepresenting, by commission or omission, pertinent facts regarding the insurance policy provisions at issue;

(2) Failing to adopt and implement reasonable standards for prompt investigation of claims arising under the insurance policies;

(3) Refusing to pay claims without conducting a reasonable investigation based upon all available information;

(4) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

(5) Not attempting in good faith to effectuate prompt, fair and equitable settlements in claims where liability is reasonably clear;

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

(6) Compelling policyholders to undertake litigation to recover amounts due under policies by offering substantially less than is due under such policies.

31. Said violations of the Connecticut Unfair Insurance Practices Act constitute unfair and deceptive practices performed in a trade or business, and therefore violate the Connecticut Unfair Trade Practices Act, C.G.S. §§ 42-110a, et. seq.

32. As a result of the defendant's unfair trade practices, the plaintiff has suffered an ascertainable loss of money.

33. Pursuant to C.G.S. § 42-110g(c), the plaintiff has mailed a copy of this complaint to the Attorney General and to the Commissioner of Consumer protection.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

WHEREFORE, the plaintiff claims the following:

1. Fair, just, and reasonable damages;

2. Consequential damages;

3. Common law punitive damages;

4. Punitive damages pursuant to C.G.S. § 42-110g;

5. Attorney's fees and costs;

6. Interest pursuant to C.G.S. § 37-3a; and

7. Such other and further relief as in justice and equity may appertain.

DATED at Hartford, Connecticut, this 5th day of May 2009.

THE PLAINTIFF, WAYNE BURSEY,
TRUSTEE of the CHARTER OAK TRUST
WELFARE BENEFIT PLAN

By: _____
Daniel P. Scapellati, and
William J. McGrath, Jr.
HALLORAN & SAGE LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Its Attorneys

1459894

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105