UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WAYNE BURSEY, TRUSTEE OF THE CHARTER OAK TRUST WELFARE BENEFIT PLAN,<br><br>    Plaintiff,<br><br>VS.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>    Defendant | CIVIL ACTION NO.<br>3:09-CV-00735(AWT)<br><br><br><br><br><br><br>AUGUST 31, 2009 |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

I. **INTRODUCTION**

The plaintiff, Wayne Bursey, Trustee of The Charter Oak Trust Welfare Benefit Plan ("the Trustee"), respectfully submits this memorandum in opposition to the defendant's motion to dismiss Counts Two and Three of his complaint.[1] These counts allege claims for: 1) breach of the implied covenant of good faith and fair dealing; and 2) violations of Connecticut's Unfair Insurance Practices and Unfair Trade Practices Acts

---

[1] The defendant claims in footnote 1 to its memorandum of law (Doc. No. 7) that because it finally paid the Trust "the 'full' death benefit . . . plus contractual interest from the date of death" after the Trust was forced to institute the instant lawsuit, Count One of the complaint alleging breach of contract should be dismissed as moot. As the defendant has not bothered to brief this issue, and a 12(b)(6) motion requires the court to accept all well-pleaded allegations as true, this averment should not be considered by the court. Further, although the defendant paid the "Death Benefit," the plaintiff maintains that the breach of contract claim remains viable because the defendant has <u>not</u> paid the full amount of contractual interest owed. Moreover, the payment of death benefits more than a year after the insured's death does not render the breach of contract claim moot as Lincoln National breached its obligation to pay the policy proceeds "<u>upon receipt of due proof of the insured's death</u> during the continuance of the policy."

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

("CUTPA/CUIPA"), respectively. Counts Two and Three of the Trustee's complaint state valid, legally sufficient claims against the defendant, The Lincoln National Life Insurance Company ("Lincoln National"). Accordingly, this Court should deny the defendant's motion to dismiss.

## II. BACKGROUND AND SUMMARY OF CLAIMS

The plaintiff, Wayne Bursey, the Named Trustee of the Charter Oak Trust Welfare Benefit Plan ("the Trust" or "the Plan"), brought the instant action by complaint dated May 5, 2009 in his capacity as Trustee of the Trust in order to recover $30,000,000.00 in life insurance proceeds, plus contractual and statutory interest, due and owing the Trust under two life insurance policies that were issued by Lincoln National. (Compl. at Intro., p. 1, and Prayer for Relief, p. 10) The following facts are alleged in the complaint.

The Trust is a multiple employer trust, established and administered under the laws of the State of Connecticut, which provides death benefits to certain Covered Employees while they are actively at work and their employer is currently participating in the Trust. (Compl. at ¶ 2) Prior to June 10, 2008, Holding Capital Group, Inc., as Employer, executed Adoption Agreements and other agreements pursuant to which it agreed to adopt, join and participate in the Plan, naming its CEO and Founder, Sash A. Spencer, as a participant in the Plan. (Compl. at ¶ 6) The amount of the death benefits to be provided by the policies was $30 million, under separate policies, less various fees and other amounts retained by the Plan and related entities. (Compl. at ¶ 7) The Plan provided further that an Insured would have no rights in the policy or the proceeds of the policy, that all such insurance policies would be owned by the Plan and controlled solely

One Goodwin Square  
225 Asylum Street  
Hartford, CT 06103  

HALLORAN  
&SAGE LLP  

Phone (860) 522-6103  
Fax (860) 548-0006  
Juris No 26105

by the Plan Sponsor and that the Plan shall be designated as the beneficiary of the policies with respect to any proceeds payable on account of death. (Compl. at ¶ 8) Consistent with these Plan provisions, the Plan applied for and Lincoln National issued the subject policies ("the Policies") with the Trust as Owner and Beneficiary and Sash A. Spencer as the insured. (Compl. at ¶ 10)

Sash A. Spencer died on June 10, 2008. From the date of the Policies' issuance through June 2008, the Plan paid all premiums due and owing on both Policies. (Compl. at ¶ 11) In pertinent part, the Policies provide that Lincoln National "agrees to pay the Death Benefit to the Beneficiary upon receipt of due proof of the Insured's death during the continuance of the [Policies]." (Compl. at ¶ 12)

In June 2008, the plaintiff filed with Lincoln National a death claim, including due proof of death, to collect the $30 million of policy proceeds payable under the Policies. The claim was assigned claim number 587487. (Compl. at ¶ 13) In June 2008, in order to recover the policy proceeds due and owing the Plan under the Policies, the plaintiff submitted to Lincoln National the "Claimant's Statement" form and the "Distinctive Payee Arrangements" form requesting that the insurance proceeds due under the Policies be paid to the plaintiff as Beneficiary. (Compl. at ¶ 14)

Thereafter, on no less than eight (8) separate occasions, representatives of the Plan wrote and spoke to Lincoln National and requested that the death claim be processed and paid. (Compl. at ¶ 15) Lincoln National failed to respond in any meaningful fashion to several of the Plan's requests, choosing instead to advise the Plan that "[o]ur routine investigation continues and we regret that we are unable to

- 3 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

make payment on this claim at this time. We hope that more information will be available in the near future, enabling us to process your claim. In the meantime, your patience and understanding are appreciated." (Compl. at ¶ 15) The first of the six (6) Lincoln National letters containing this quoted language is dated August 21, 2008. (Compl. at ¶ 15) The most recent letter containing the identical language is dated March 30, 2009. (Compl. at ¶ 15)

On April 22, 2009, the plaintiff wrote to Lincoln National and advised that he had a fiduciary duty under the Plan to bring an action against Lincoln National in the event the policy proceeds, together with 6% interest from the date of Mr. Spencer's death, were not paid to the Plan by April 30, 2009. (Compl. at ¶ 16) By letter dated April 24, 2009, over ten months after Mr. Spencer's death, Lincoln National's Vice President-Claims/Chief Claims Officer, advised the plaintiff that "[i]n order to further process this claim, we require additional information pertaining to the above-referenced policies . . ." The letter continued, requesting the plaintiff to provide additional information consisting of eight (8) categories of documents. (Compl. at ¶ 17) Under cover letter dated April 27, 2009, the plaintiff forwarded to Lincoln National the information requested by Lincoln National and reiterated his demand for payment of the policy proceeds with 6% interest from the date of Mr. Spencer's death, by April 30, 2009. (Compl. at ¶ 18) Nonetheless, as of May 5, 2009, although the plaintiff had satisfied all conditions precedent stated in the Policies, Lincoln National had refused to pay the plaintiff either the policy proceeds or the interest on those policy proceeds, resulting in substantial loss and damage to the plaintiff. (Compl. at ¶¶ 19-20)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

The above conduct of Lincoln National gives rise to the three causes of action alleged by the Trustee including breach of contract, bad faith, and violations of CUTPA/CUIPA, respectively.

In Count Two, the Trustee further alleges that Lincoln National breached the covenants of good faith and fair dealing in the Policies by "refusing to pay to the plaintiff, the sole beneficiary under the Policies, the policy proceeds and the interest on those policy proceeds running from the date of Mr. Spencer's death." (Compl. at ¶¶ 24-25) The Trustee further alleges that Lincoln National has breached the covenant of good faith and fair dealing in the following respects: a) it has compelled the plaintiff to institute litigation to recover amounts due to it under the policies; b) it has failed to promptly provide to the plaintiff a reasonable explanation of the basis of its delay in investigating and paying the plaintiff's claim; and c) it has failed to affirm coverage of the claim within a reasonable time after submission of the "Claimant's Statement" form, the "Distinctive Payee Arrangements" form and due proof of death. (Compl. at ¶¶ 25-26) The Trustee further alleges that Lincoln National has acted in bad faith and it has injured the plaintiff's right to receive benefits that it reasonably expected to receive under the policies, thereby causing the plaintiff to suffer substantial loss and damage. (Compl. at ¶¶ 26-27)

Count Three, alleging violations of CUTPA/CUIPA, incorporates all of the foregoing allegations. (Compl. at ¶ 28) The Trustee further alleges that Lincoln National has engaged in unfair and deceptive practices in the conduct of its business, both with regard to its handling of the claim submitted to it by the plaintiff, as well as in its handling of

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

life insurance claims presented to Lincoln National by beneficiaries other than the plaintiff. (Compl. at ¶ 29) The Trustee further alleges that Lincoln National's actions, as described above, were taken in violation of CUTPA, in that Lincoln National committed unfair claims settlement practices with such frequency as to indicate a general business practice, including one or more of the following: (1) Misrepresenting, by commission or omission, pertinent facts regarding the insurance policy provisions at issue; (2) Failing to adopt and implement reasonable standards for prompt investigation of claims arising under the insurance policies; (3) Refusing to pay claims without conducting a reasonable investigation based upon all available information; (4) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed; (5) Not attempting in good faith to effectuate prompt, fair and equitable settlements in claims where liability is reasonably clear; and (6) Compelling policyholders to undertake litigation to recover amounts due under policies by offering substantially less than is due under such policies. (Compl. at ¶ 30) The Trustee further alleges that said CUTPA violations constitute unfair and deceptive practices performed in a trade or business, and therefore violate CUTPA. (Compl. at 31)

On July 8, 2009, the defendant moved to dismiss Counts Two and Three of the complaint claiming that these counts are legally insufficient as pled. On July 22, 2009, with the defendant's consent, the plaintiff moved for an extension of time to file his reply until August 31, 2009. That motion was granted by the court on July 27, 2009. As Counts Two and Three of the Trustee's complaint state valid, legally sufficient claims for

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

bad faith and for CUTPA/CUIPA violations by Lincoln National, the motion to dismiss should be denied.

## II.  LEGAL ARGUMENT

### A.  Lincoln National's Motion to Dismiss Fails To Meet The Demanding Standard Of Review

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). Consequently, when deciding a motion to dismiss, the court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A claim may be dismissed pursuant to Rule 12(b)(6) only if the plaintiff's factual allegations, accepted as true, are not sufficient "to state a claim to relief that is plausible on its face." Id., 550 U.S. at 569. Thus, a plaintiff is obliged to amplify a claim with some factual allegations only in those contexts where such amplification is needed to render the claim plausible. Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007) (applying flexible "plausibility standard" to Rule 8 pleading), rev'd on other grounds sub nom., Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937 (2009).

Reaffirming Twombly, the court in Iqbal recently explained that:

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the <u>reasonable inference that the defendant is liable for the misconduct alleged</u>. ... The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. ... Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556-57) (emphasis added).

This simplified notice pleading standard is provided by Federal Rule of Civil Procedure 8(a)(2) and "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). Specifically, pursuant to the Federal Rules and supporting case law, a short and plain statement of the claim, which the Trustee has presented in each count of his complaint, is all that is required to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules adopted the liberal notice pleading standard in an attempt to ensure that claims are decided on the merits rather than penalize parties for errors in pleading. 2-8 Moore's Federal Practice – Civil § 8.04 (2009).

"The visions for discovery are so flexible and the provisions for pretrial procedure and summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the court." Swierkiewicz, 534 U.S. at 512-13 (citation omitted). Although Connecticut state courts require the pleading of facts to support a claim, the federal courts only require that the complaint put defendant on notice of the claims. See Stern v. Gen. Elec. Co., 924 F.2d 472, 476, n.6 (2d Cir. 1991).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

Counts Two and Three of the complaint as pled here clearly meet the pleading requirements of Rule 8. Thus, the Trustee's claims of bad faith and for violations of CUTPA/CUIPA are legally sufficient.

### B. The Trustee's Claim Against Lincoln National for Breach of the Implied Covenant of Good Faith and Fair Dealing in Count Two is Sufficiently Pled in Count Two and Should Not Be Dismissed

Connecticut law recognizes the existence of a covenant of good faith and fair dealing inherent in all insurance contracts. Buckman v. People Express, Inc., 205 Conn. 166, 170 (1987). "It is manifest . . . that in every insurance contract there is an implied covenant of good faith and fair dealing. The duty to so act is imminent in the contract." L.F. Pace & Sons, Inc. v. Travelers Indem. Co., 9 Conn. App. 30, 46, cert. denied, 201 Conn. 811 (1986).

To properly state a claim for breach of the implied covenant of good faith and fair dealing upon which relief can be granted, three essential elements must be pled: "first, that the plaintiff and the defendant were parties to a contract under which the plaintiff reasonably expected to receive certain benefits; second, that the defendant engaged in conduct that injured the plaintiff's right to receive . . . those benefits; and third, that when committing the acts by which it injured the plaintiff's right to receive [those] benefits . . . , the defendant was acting in bad faith." Franco v. Yale Univ., 238 F. Supp. 2d 449, 455 (D. Conn. 2002) (citation omitted).

"Bad faith in general implies both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties,

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

but by some interested or sinister motive." Habetz v. Condon, 224 Conn. 231, 237 (1992) (citations and internal quotation marks omitted); see Buckman, 205 Conn. at 170. Bad faith may consist of inaction and it may include evasion of the spirit of the bargain. Elm Street Builders, Inc. v. Enterprise Park Condo. Ass'n, Inc. 63 Conn. App. 657, 667 (2001).

Here, Lincoln National asserts that the Trustee has "failed to set forth any facts that Lincoln acted in a fashion that would rise to the level of bad faith." (Def.'s Mem. of Law at 6) However, the Trustee has pled facts that support Lincoln National's invasion of the spirit of the policy and that reflect an interested and dishonest motive on the part of Lincoln National.

Specifically, the Trustee alleges that over the course of a ten-month period after the insured died and the Trustee first made a claim, the defendant failed to respond in any meaningful way to his numerous requests for payment of the claim, instead responding, after significant delay, with vacuous form letters, claiming that an investigation was underway. (See Compl. at ¶¶ 11-15) Then, despite the defendant's claim regarding its continuing "routine investigation" since August 21, 2008, the defendant did not make a request for additional documents from the Trustee until *eight months later*, on April 24, 2009. (Compl. at ¶¶ 16-17) Although the Trustee provided the requested documents and made yet another demand for payment, the defendant still refused to pay the claim, thereby forcing the Trustee to institute litigation. (Compl. at ¶¶ 16-17)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

These facts reflect a lack of fair dealing on the part of Lincoln National. A "reasonable inference" based on these facts can be made that the defendant engaged in bad faith by neglecting or refusing "to fulfill [its] duty or . . . contractual obligation" to the Trustee in: 1) refusing to pay the Trustee the policy proceeds and interest running from the date of the insured's death so that the Trustee was forced to commence litigation to recover amounts due under the policies; 2) failing to promptly provide a reasonable explanation of the basis of its delay in investigating the claim; 3) and by failing to affirm coverage of the claim within a reasonable time after submission of the "Claimants Statement" form and the "Distinctive Payee Arrangements" form and due proof of death. (Compl. at ¶¶ 25-26) Further, a "reasonable inference" can be made that the defendant's refusal to fulfill its contractual obligations to the Trustee was not due to an "honest mistake" as to its duties, but was due to its interest in retaining the Trust's $30 million. See Habetz v. Condon, 224 Conn. at 237; Iqbal, 129 S. Ct. at 1949.

Numerous Connecticut courts have held that analogous claims allege a legally sufficient claim of bad faith. See, e.g., Comfort Home's Props., LLC v. Hermitage Ins. Co., CV085011012S, 2009 Conn. Super. LEXIS 1076 (Conn. Super. Ct. Apr. 28, 2009) (Brunetti, J.) (denying motion to strike bad faith claim where plaintiff alleged insurer was prompted by an interested or sinister motive in unreasonably delaying the inevitable settlement of the plaintiff's claim and in forcing the plaintiff to institute litigation to recover amounts due under the terms of the insurance contract) (Ex. A); Hennessey v. Travelers Prop. Cas. Ins. Co., CV No. 980332786S, 1999 Conn. Super. LEXIS 986, *6-*7 (Conn. Super. Ct. Apr. 14, 1999) (Moraghan, J.) (claim that insurer "(1) substantially

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

discounted insured's claim, (2) failed to enter good faith settlement discussions, (3) failed to respond to insureds' communications, and (4) compelled insureds to commence litigation to recover sums due to them under the policy sufficiently alleged claim of bad faith) (Ex. B); Burnside v. Nationwide Mut. Ins. Co., CV No. 343068, 1997 Conn. Super. LEXIS 2502, (Sept. 18, 1997) (Melville, J.) (allegations that insurer refused to enter into good faith settlement negotiations, forced the plaintiffs to institute litigation to collect their insurance and failed to reasonably investigate the plaintiffs' claim survive a motion to strike) (Ex. C).

Moreover, as the notice pleading standard is less stringent than Connecticut's fact pleading requirement, by pleading facts similar to the facts pled in the above cases, the Trustee has surely put the plaintiff on adequate notice of the Trustee's claims. See Stern v. Gen. Elec. Co., 924 F.2d at 476, n.6. See also Van Dorsten v. Provident Life & Accident Ins. Co., 554 F. Supp. 2d 285, 287 (D. Conn. 2008) (denying defendant's motion to dismiss because "viewing the complaint most favorably to plaintiff, he sets forth allegations of defendant's acting in bad faith that may, after proper discovery, support his claim" as complaint "provides sufficient notice to defendant of the claim against it"). "Dismissal at this stage of the pleadings would be premature and inappropriate." Id.

Therefore, consistent with the holdings in these cases, based upon the allegations pled by the Trustee, Count Two is legally sufficient and should not be dismissed.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

## C. The Trustee's Claim Against Lincoln National for Violations of CUTPA/CUIPA is Sufficiently Pled in Count Three and Should Not Be Dismissed

The defendant urges the Court to dismiss Count Three of the Trustee's Complaint, alleging violations of CUTPA/CUIPA, because "the Trust fails to allege facts sufficient to show that [Lincoln National's] purported conduct constituted a 'general business practice,' as required under the CUTPA."[2] (Def.'s Mem. of Law at 10) Confusing notice pleading with Connecticut's fact pleading requirements, the defendant further argues that the Trustee's CUTPA/CUIPA count must be dismissed for his failure to plead "specific factual allegations." (Id.) These arguments are easily countered simply by referring to the allegations of the complaint as well as relevant case law.

### 1. The Complaint Alleges a General Business Practice on the Part of Lincoln National

The Trustee does not dispute that in order to state a viable CUTPA/CUIPA claim, he must allege that the insurer has engaged in unfair claims settlement practices "with such frequency as to indicate a general business practice." Lees v. Middlesex Insurance Company, 229 Conn. 842, 847 (1994). However, despite the defendant's assertion to the contrary, the Trustee has done so. Count Three alleges that Lincoln National's conduct was unfair and deceptive in the handling of the Trustee's claim, and

---

[2] The allegation of a general business practice is required under CUIPA, not CUTPA. However, it is generally established in Connecticut that, for insurance-related conduct to constitute a violation of CUTPA, the conduct must also constitute a violation of CUIPA. See Lees v. Middlesex Ins. Co., 229 Conn. 842, 850-51 (1994). A plaintiff may not bring a claim under CUTPA which does not violate CUIPA where the alleged misconduct is related to the insurance industry. Mead v. Burns, 199 Conn. 651, 663 (1986). For that reason, the plaintiff alleges that Lincoln National violated CUTPA through its violations of CUIPA. (Compl. at ¶¶ 30-32)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

also in the handling of "life insurance claims presented to Lincoln National by beneficiaries other than the plaintiff." (Compl. at ¶ 29)  Count Three also alleges that "Lincoln National committed unfair claims settlement practices with such frequency as to indicate a general business practice" in various enumerated ways in violation of Connecticut General Statutes Section 38a-815, et seq. (CUIPA). (Compl. at ¶ 30)

Thus, the defendant's reliance on Aguilar v. United National Insurance Co., 825 F. Supp. 456, 458 (D. Conn. 1993) and other cases in support of its motion to dismiss is misplaced. (Def.'s Mem. of Law at 12-13)  Indeed, the plaintiff in Aguilar did not allege that the defendant insurer had engaged in unfair and deceptive handling of insurance claims as a "general business practice" or in connection with claims submitted to it by "beneficiaries other than the plaintiff." See Aguilar, 825 F. Supp. at 458. Instead, the plaintiff in that case argued that it had pled facts supporting a general business practice by alleging that the insurer engaged in multiple acts of "insurance misconduct as to a single person or entity" and that this was "sufficient to state a claim under CUIPA." See id.

The defendant's reliance on Bepko v. St. Paul Fire & Marine Insurance Co., 2005 U.S. Dist. LEXIS 39066 (D. Conn. Nov. 10, 2005) (Dorsey, J.) (Ex. D) is likewise inapt. (Def.'s Mem. of Law at 13). In Bepko, the plaintiff also did not allege that "St. Paul's challenged settlement practices are a routine business practice." Id. at *13. Strikingly, the court in Bepko urged comparison with Peck v. Public Service Mutual Insurance Co., 114 F. Supp. 2d 51 (D. Conn. 2000) wherein the "plaintiff survived a motion to dismiss by pleading that [the] defendant, as part of its normal business practices, regularly

- 14 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

engaged in wrongfully refusing to provide its insureds with a legal defense for claims within the scope of coverage or indemnify its insured for judgments within the scope of their policies." Bepko, 2005 U.S. Dist. LEXIS 39066 at *13-*14 (citing Peck, 114 F. Supp. 2d at 58).

In Peck, the court recognized that "[a]lthough plaintiff ultimately may not be able to prove a 'general business practice' by defendant in violation of CUIPA, that issue" is not before the court on a motion to dismiss. 114 F. Supp. 2d at 58. See also Guillory v. Allstate Ins. Co., 476 F. Supp. 2d 171, 175-56 (D. Conn. 2007) (denying motion to dismiss CUTPA/CUIPA claim). Whether the Trustee can develop evidence of a general business practice on the part of Lincoln National must be "determined on a fully developed record after discovery." See Guillory, 476 F. Supp. 2d at 175-56. "[T]his is a proper area for discovery, particularly as such information may only be in defendant's possession, not plaintiff's." Id.

2. The Trustee Has Pled Sufficient Factual Allegations to Support a Viable CUTPA Claim

As for the defendant's argument that the Trustee's CUTPA/CUIPA count must be dismissed for his failure to plead "specific factual allegations," it is worth noting that the defendant fails to cite a single case in support thereof. Further, the defendant both confuses notice pleading with Connecticut's fact pleading requirements and overlooks the factual allegations made by the Trustee. (Def.'s Mem. of Law at 10) As is explained above, the plaintiff is only required to set forth a "short and plain statement of the claim" to comply with Rule 8(a) of the Federal Rules of Civil Procedure. The plaintiff has done so with respect to its CUTPA/CUIPA claim.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

In addition to alleging a general business practice on the part of Lincoln National, paragraph 30 outlines, in detail, the specific practices that the Trustee alleges constituted violations of CUIPA. (Compl. at ¶ 30) Lincoln National's argument that the Trustee's allegations "describe nothing more than a simple breach of contract dispute" is a blatant mischaracterization of the allegations in the complaint.

Even if federal law required more than notice pleading, which it does not, the Trustee has pled specific facts which comport with the defendant's engagement in conduct prohibited under CUIPA, General Statutes Section 38a-816(6). For example, the Trustee has pled that despite a contractual agreement to "pay the Death Benefit to the Beneficiary upon receipt of due proof of the Insured's death during the continuance of the Policies," Lincoln National: 1) failed to provide a meaningful response to the Trustee's claim for benefits for more than ten months despite the Trustee's numerous requests for payment; 2) claimed to be conducting a "routine investigation" in August of 2008, but then took an additional eight months to ask for supplemental documents from the plaintiff; and 3) refused to pay the claim even after the plaintiff provided the requested supplemental documents thereby requiring the Trustee to institute the instant lawsuit and causing substantial loss and damage to thereto. (See Compl. at ¶¶ 12-21, 25-28) These allegations, taken together with the allegations of a general business practice, create more than a "reasonable inference" that Lincoln National "failed to adopt and implement reasonable standards for prompt investigation of claims," that it "refused to pay claims without conducting a reasonable investigation based upon all available information," that it "failed to affirm or deny coverage of claims within a reasonable time

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

after proof of loss statements have been completed," that it "has not attempted in good faith to effectuate prompt, fair and equitable settlements and claims where liability is reasonably clear," and that it has "compelled policy holders to undertake litigation to recover amounts due." (Compl. at ¶ 30)

Deliberately disregarding these alleged facts, the defendant asserts that the Trustee's complaint is "devoid of any facts alleging that Lincoln [National] engaged in any activities that were immoral, unethical, oppressive or unscrupulous." Surely, however, there are many jurors who would find the particular conduct allegedly engaged in by Lincoln National to be immoral, unethical, oppressive or unscrupulous. Moreover, as the Trustee has alleged facts supporting the defendant's violations of CUIPA, the Trustee has also alleged conduct on the part of Lincoln National that "(1) offends public policy as it has been established by statutes," in compliance with the first prong of the "cigarette rule."[3] See Willow Springs Condo. Ass'n, Inc. v. Seventh BRT Dev. Corp., 245 Conn. 1, 43 (1998). The Trustee has also alleged that the defendant's conduct has caused the plaintiff to suffer substantial loss and damage. (Compl. at ¶ 27) A general business practice of such conduct would also satisfy the third prong of the "cigarette rule" in that it "(3) causes substantial injury to consumers, competitors or other business persons." Id.

---

3/    Under the so-called "cigarette rule," a trade practice is unfair when it: (1) offends public policy as it has been established by statutes, common law, or other established concept of fairness; (2) is immoral, unethical, oppressive, or unscrupulous; or (3) causes substantial injury to consumers, competitors or other business persons. See Willow Springs Condo. Ass'n, Inc. v. Seventh BRT Dev. Corp., 245 Conn. 1, 43 (1998).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

For the foregoing reasons, therefore, the CUTPA/CUIPA claim alleged by the Trustee is properly pled. Accordingly, the defendant's motion to dismiss should be denied as to Count Three.

## IV. CONCLUSION

Counts Two and Three of the Trustee's complaint state claims upon which relief may be granted. Accordingly, the Trustee respectfully requests that the Court deny Lincoln National's Motion to Dismiss.

**THE PLAINTIFF, WAYNE BURSEY, TRUSTEE OF THE CHARTER OAK TRUST WELFARE BENEFIT PLAN**

By /s/ _____
 Daniel P. Scapellati, and
 William J. McGrath, Jr.
 HALLORAN & SAGE LLP
 One Goodwin Square
 225 Asylum Street
 Hartford, CT 06103
 Its Attorneys

- 18 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

For the foregoing reasons, therefore, the CUTPA/CUIPA claim alleged by the Trustee is properly pled. Accordingly, the defendant's motion to dismiss should be denied as to Count Three.

## IV. CONCLUSION

Counts Two and Three of the Trustee's complaint state claims upon which relief may be granted. Accordingly, the Trustee respectfully requests that the Court deny Lincoln National's Motion to Dismiss.

**THE PLAINTIFF, WAYNE BURSEY, TRUSTEE OF THE CHARTER OAK TRUST WELFARE BENEFIT PLAN**

By /s/
Daniel P. Scapellati, and
William J. McGrath, Jr.
HALLORAN & SAGE LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Its Attorneys

- 18 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105